# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-975V
### UNPUBLISHED

| | |
|---|---|
| PAULA D. TYSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 13, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Table Injury;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Glenn Alexander MacLeod*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On July 9, 2018, Paula Tyson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Petitioner alleges she suffered a "Shoulder Injury Related to Vaccine Administration (SIRVA), which was caused by the influenza ("flu") vaccination she received in her right shoulder on February 8, 2017. Petition at ¶¶ 2 and 18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent filed a Rule 4(c) Report on July 19, 2019.  ECF No. 19.  In his report, Respondent argued that Petitioner had not met her burden of establishing that the onset of her alleged shoulder injury occurred within 48 hours of her February 8, 2017 flu vaccination.  *Id.* at 5-6.  In a Scheduling Order filed on August 23, 2019, then-Chief Special Master Nora Beth Dorsey reported that she had reviewed the record and determined that a fact hearing or briefing would not be necessary.  ECF No. 20.  A deadline was set for closing the record on the matter of onset.  *Id.*  Pursuant to the scheduling order, Petitioner submitted affidavits from three fact witnesses.  ECF Nos. 21 and 23

On October 25, 2019, I issued a Findings of Fact Ruling, finding that there is preponderant evidence to establish "that the onset of Petitioner's right shoulder injury occurred within 48 hours of her February 8, 2017 flu vaccination."  Fact Ruling at 5 (ECF No. 25).  Respondent was ordered to file an amended Rule 4 Report reflecting Respondent's position in light of the above finding of fact.  *Id.* at 5.

On January 19, 2020, Respondent filed an amended Rule 4 report indicating that, "while preserving his right to appeal the Chief Special Master's October 25, 2019 Findings of Fact [that the onset of Petitioner's right shoulder injury began within 48 hours of receipt of the flu vaccine], respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA . . . ."  Rule 4 Report at 2.  Specifically, respondent found that

> Based on the Chief Special Master's fact ruling, and medical record evidence submitted in this case, DICP will not continue to contest that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; the onset of pain and limited motion occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's right shoulder pain.  In addition, petitioner suffered the residual effects of her condition for more than six months.

*Id.* at 3 (footnote omitted).  Respondent adds that "based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act . . . ." and further advises that "he will not defend the case on other grounds during further proceedings before the Office of Special Masters." *Id.*[3]

---

[3] Respondent further clarifies that he is not waiving "any defenses that [he] may assert in the damages phase." Rule 4 Report at 3 n. 2.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                            <u>**s/Brian H. Corcoran**</u>
                                            Brian H. Corcoran
                                            Chief Special Master